UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CHRISTOPHER OBANDO,

                Plaintiff,                     **MEMORANDUM & ORDER**

                v.                                   1:23-CV-5860 (OEM)(SJB)

TANYA HOBSON-WILLIAMS; DAVID
R. FURGUSON; STEPHANIE
GOLDSTONE; JOHN DOE 1 TO 10,

                Defendants.
-------------------------------------------------------x

**ORELIA E. MERCHANT, United States District Judge:**

       Plaintiff Christopher Obando ("Plaintiff" or "Obando"), proceeding *pro se*, filed the above-captioned complaint on August 2, 2023. He paid the filing fee to commence this action. For the following reasons, the complaint is dismissed, with leave to file an amended complaint within 30 days.

## BACKGROUND

       Plaintiff's complaint seeks $1,700,000 in unspecified damages from three individual defendants as well as declaratory relief and a prayer for "Equity and Quiet Title."[1] *See* Complaint at 2, 4 (ECF 1). In the space on the form complaint provided to assert a basis for the Court's jurisdiction, Plaintiff invokes federal criminal statutes for deprivation of rights and conspiracy thereof (18 U.S.C. §§ 241, 243) and a statute providing that "honest services" fraud is covered under the definition of "scheme or artifice to defraud" as contained in federal criminal mail fraud

---

[1] The (unsigned) civil cover sheet submitted with the complaint also names ten John Doe defendants, *see* ECF 1-1 at 1, however the complaint does not reference or acknowledge them, much less allege any further conduct attributable to them. Accordingly, any and all claims against John Does 1-10 are dismissed *sua sponte*. *See Crichlow v. Fischer*, No. 12-CV-7774 (NSR), 2015 WL 678725, at *9 (S.D.N.Y. Feb. 17, 2015) ("Several named Defendants are thus *sua sponte* dismissed from this case, because the Amended Complaint contains no reference whatsoever to them outside of the case caption, and Plaintiff has made no factual allegations as to any personal involvement on their part in any violation of his rights.").

offenses (18 U.S.C. § 1346), as well as the Sixth and Ninth Amendments.[2]  *Id.* at 3.  In the space to assert a "Statement of Claim," Obando has written "Dep[]rivation of rights, Bid Rigging, Fa[i]lure or Refusal to qualify, coor[d]inated obstruction."  *Id.* at 4.  No further factual allegations are provided.

## DISCUSSION

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyer.").  Nonetheless, a *pro se* plaintiff must "still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005).

Rule 8 of the Federal Rules of Civil Procedure requires all plaintiffs to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."  Fed. R. Civ. P. 8(a).  Under the *Iqbal-Twombly* pleading standard, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  That is, enough "factual content" must be alleged to allow a court to "draw the

---

[2]  The Sixth Amendment reads in whole: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence."   U.S. CONST. amend. VI.

The Ninth Amendment reads in whole: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." *Id.*, amend. IX.

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citation omitted).

Here, Obando's complaint fails to conform with Rule 8(a) in two ways which warrant dismissal. First, the complaint fails to provide "a short and plain statement of the grounds for the court's jurisdiction." *Id.* at (1). Even given the Court's duty to liberally construe complaints, it is not enough for a *pro se* plaintiff to list various federal criminal statutes (that do not provide private causes of action) and irrelevant Constitutional amendments to invoke federal question jurisdiction, much less a claim for relief. *See Sheehy v. Brown,* 335 F. App'x 102, 104 (2d Cir. 2009) ("To the extent that Appellants assert claims based on the violation of federal criminal statutes, such as 18 U.S.C. §§ 241–242, these claims are not cognizable, as federal criminal statutes do not provide private causes of action."). Accordingly, the Court also finds it has no basis for jurisdiction over this matter and must dismiss the complaint. *See* Fed. R. Civ. P. 12(h)(3); *see also Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (federal question jurisdiction does not exist where the laws and causes of actions invoked are "clearly immaterial [] and made solely for the purpose of obtaining jurisdiction"). Second, even assuming there was some cognizable source of jurisdiction, the complaint is entirely devoid of any factual allegations against any of the defendants that could give rise to a plausible claim for relief. *See* Complaint at 4.

Nonetheless, given Plaintiff's *pro se* status, the Court grants him leave to file an amended complaint within 30 days that conforms with Rule 8(a) of the Federal Rules of Civil Procedure. Any amended complaint must clearly assert a basis for the Court's subject matter jurisdiction, state the grounds for relief, and include specific factual details about how each of the defendants caused harm to the Plaintiff. The amended complaint must be captioned "Amended Complaint," and bear

the same case number as this order.  An amended complaint completely replaces the prior pleadings.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed without prejudice as to all defendants pursuant to Fed. R. Civ. P. 12(h)(3), with leave to replead within 30 days.  All further proceedings shall be stayed for 30 days.  If Plaintiff fails to file an amended complaint within 30 days, final judgment will be entered dismissing this action without prejudice.  Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 to make an appointment for limited-scope legal assistance at the Brooklyn Federal Courthouse.

The Clerk of Court is requested to send a copy of this Order to Plaintiff at the address provided.

**SO ORDERED.**

    /s/Orelia E. Merchant
**ORELIA E. MERCHANT**
**United States District Judge**

Dated: Brooklyn, New York
       September 1, 2023